UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

H.E.W.B. (XXX-XX-9822)                     CIVIL ACTION NO. 10-cv-1767

VERSUS                                      JUDGE HICKS

U.S. COMMISSIONER SOCIAL                    MAGISTRATE JUDGE HORNSBY
SECURITY ADMINISTRATION

### REPORT AND RECOMMENDATION

**Introduction**

H.E.W.B. ("Plaintiff") was born in 1969 and had past work experience as a secretary. She applied for disability benefits based on back pain and other health problems. ALJ Raymond Gollmeitzer held an evidentiary hearing and issued a written decision that denied the claim. The Appeals Council denied a request for review, making the Commissioner's decision final.

Plaintiff filed this action to seek the judicial review available under 42 U.S.C. § 405(g). Her single issue on appeal is an argument that the ALJ's assessment of her residual functional capacity ("RFC") for limited range of sedentary work is not supported by substantial evidence of record. For the reasons that follow, it is recommended that the Commissioner's decision be reversed and the case be remanded for further proceedings.

**Standard of Review; Substantial Evidence**

This court's standard of review is (1) whether substantial evidence of record supports the ALJ's determination, and (2) whether the decision comports with relevant legal

standards. Villa v. Sullivan, 895 F.2d 1019, 1021 (5th Cir. 1990). "Substantial evidence is more than a scintilla and less than a preponderance. It is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Muse v. Sullivan, 925 F.2d 785, 789 (5th Cir. 1991). A finding of no substantial evidence is justified only if there are no credible evidentiary choices or medical findings which support the ALJ's determination. Johnson v. Bowen, 864 F.2d 340, 343-44 (5th Cir. 1988).

**Analysis**

The ALJ analyzed Plaintiff's claim under the five-step sequential analysis established in the regulations. 20 C.F.R. §§ 404.1520 and 416.920. He found that Plaintiff was not engaged in substantial gainful activity (step one) and suffered from the following severe impairments (step two): degenerative disc disease, osteoarthritis, fibromyalgia, and obesity. He found at step three that the impairments did not meet or equal a listed impairment.

Before going from step three to step four, the ALJ assesses the claimant's RFC by determining the most the claimant can still do despite his or her physical and mental limitations, based on all relevant evidence in the record. 20 C.F.R. §§ 404.1520(a)(4) and 404.1545(a)(1). The claimant's RFC is used at the fourth step to determine if the claimant can still do his past relevant work, and it is used at the fifth step to determine whether the claimant can perform the demands of other jobs that are available in the national economy. Section 404.1520(e).

In assessing the RFC, the ALJ reviewed Plaintiff's medical records, which showed a history of back and neck pain secondary to an accident. Progress notes in October 2006

showed severe degenerative disc disease of the lumbar spine, with a discography performed to correct the problem. A physical examination in March 2009 was within normal limits. The following month, Plaintiff reported low back pain that radiated to her legs. She was given a good prognosis as to her condition. Tr. 47-48.

The ALJ also discussed Plaintiff's testimony, which included claims that her hands and legs sometimes go numb, she takes frequent rests when doing chores, she drops things and has problems gripping, and she uses an electric cart when grocery shopping. Plaintiff said her right leg sometimes drags, and she can walk for only five minutes before her back starts to cramp and hurt. She said she could sit for only eight minutes at a time and needed to alternate sitting and standing often. She claimed inability to lift more than four pounds, and she said doctors told her nothing more could be done for her back.

The ALJ found Plaintiff's testimony only "partially credible" because the medical records discussed earlier did not provide a basis for the level of severity alleged by Plaintiff. The ALJ also noted that Plaintiff's fibromyalgia has periods of great control, recent X-rays show only mild or minimal degenerative changes, and there was no evidence of muscle atrophy, complete loss of range of motion in an extremity or joint, or other than normal gait and station to indicate such extreme limitations. Plaintiff's daily activities, including caring for children and performing light household chores, were also inconsistent with the extreme claims. Tr. 48.

The ALJ observed that the claimant's physical therapist completed an RFC evaluation in September 2009 at the request of Plaintiff's attorney. The physical therapist opined that

Plaintiff could safely perform work at a restricted light physical demand. Tr. 48, 225. The ALJ said that "little weight is afforded the opinion of the claimant's physical therapist as he is not considered an acceptable medical source" under the regulations. He also commented that there was "no state agency physician's determination in file." Tr. 49.

Based on this review, the ALJ found that Plaintiff had the RFC to perform sedentary work, except the ability to stand/walk no more than four hours in an eight-hour workday; the ability to sit six hours in an eight-hour workday; and no more than occasionally engaging in certain postural and other activities. Tr. 47.

The regulations provide that the medical reports reviewed during an administrative hearing "should include . . . [a] statement about what you can still do despite your impairment(s) based on the acceptable medical source's findings . . . ." 20 C.F.R. §404.1513(b)(6). The regulation continues that the agency will request a medical source statement about what the claimant can still do, but the lack of such a statement will not automatically make the record incomplete. Id. When the ALJ does not request such a medical statement, the court's inquiry is whether the ALJ's decision is supported by substantial evidence in the record. Ripley v. Chater, 67 F.3d 552, 557-58 (5th Cir. 1995).

Neither party has pointed to an RFC assessment or similar findings made by a treating or consulting physician or other acceptable medical source. The Commissioner points out that a Disability Determination Services examiner, who is not a physician, reviewed the records during the administrative proceedings before the ALJ heard the case. The examiner

made findings consistent with the RFC later found by the ALJ. The Commissioner argues that the state agency disability examiner, even though not a physician, could provide substantial evidence to support the ALJ's decision. The ALJ never mentioned the examiner's decision or otherwise suggested that he relied on it as evidence. "The ALJ's decision must stand or fall with the reasons set forth in the ALJ's decision, as adopted by the Appeals Council." Newton v. Apfel, 209 F.3d 448, 455 (5th Cir. 2000). See also Cole v. Barnhart, 288 F.3d 149, 151 (5th Cir.2002) ("It is well-established that we may only affirm the Commissioner's decision on the grounds which he stated for doing so."). The absence of an indication in the written decision that the ALJ relied in any way on this non-physician finding prevents it from providing substantial evidence to support the decision.

      The Commissioner also argues that the physical therapist, though not an acceptable medical source under the regulations, is considered other source evidence that may be used to show the severity of an impairment and how it affects the ability to work. The Commissioner contends that the therapists' finding that Plaintiff can perform a restricted range of light work provides substantial evidence for the ALJ's conclusion that she could perform a restricted range of sedentary work, as sedentary work is less demanding than light work. The ALJ wrote, with respect to the opinion of the physical therapist, only that he afforded it "little weight." He did not discuss what aspects, if any, of the opinion he found persuasive. The physical therapist did reach a conclusion that Plaintiff could perform a restricted form of light work, but some of the specific restrictions contained in a chart attached to his opinion appear to be inconsistent with the RFC found by the ALJ. For

example, the therapist found that Plaintiff must sit for an average of 20 minutes each hour, and she must stand/walk 20 minutes each hour. The ALJ did not impose such limitations. The presence of the physical therapists' report in the record, together with the ALJ's brief mention of it and its discounted weight, cannot provide substantial evidence under these circumstances.

     The ALJ also generally parsed the medical records, noting the course of recovery, straight-leg raise test results, the presence of tenderness, X-ray results, and other medical findings. The records discussed tend to suggest limitations less than Plaintiff claims. It is not appropriate, however, for the ALJ to form his own medical opinion about the limitations in that fashion. A similar remand was ordered in Williams v. Astrue, 355 Fed. Appx. 828 (5th Cir. 2009) when the ALJ discounted the opinions of three treating physicians, parsed through the various medical tests and other records, and concluded that the claimant could perform a full range of light work. The Fifth Circuit found that, assuming the ALJ was entitled to not give controlling weight to the physician's opinions, there still must be evidence to support the finding that the claimant could stand and walk for six hours in a day. The ALJ could not rely on his own medical opinion as to those limitations. Williams relied on Ripley v. Chater, 67 F.3d 552 (5th Cir. 1995), a case in which the medical evidence established that the claimant had a problem with his back but did not clearly establish the effect the condition had on his ability to work. The Fifth Circuit reversed and remanded to the agency with instructions to obtain a report from a treating physician regarding the effects of the claimant's back condition on his ability to work.

A remand is also appropriate in this case. The agency may then request clarification from a treating physician, obtain an opinion from a consultative physician, or both. The evidence should include a functional capacity evaluation or other positive statement of Plaintiff's abilities despite her limitations. On remand, Plaintiff and the agency may further explore the issues addressed herein or any other relevant matters. See 20 C.F.R. § 404.983 (following a federal court remand, "[a]ny issues relating to your claim may be considered by the administrative law judge whether or not they were raised in the administrative proceedings leading to the final decision in your case.").

Accordingly,

**IT IS RECOMMENDED** that the Commissioner's decision to deny benefits be reversed and that, pursuant to sentence four of 42 U.S.C. § 405(g), this case be remanded to the Agency for further proceedings.

### Objections

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this report and recommendation to file specific, written objections with the Clerk of Court, unless an extension of time is granted under Fed. R. Civ. P. 6(b). A party may respond to another party's objections within seven (7) days after being served with a copy thereof. Counsel are directed to furnish a courtesy copy of any objections or responses to the District Judge at the time of filing.

A party's failure to file written objections to the proposed findings, conclusions and recommendation set forth above, within 14 days after being served with a copy, shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court. See Douglass v. U.S.A.A., 79 F.3d 1415 (5th Cir. 1996) (en banc).

THUS DONE AND SIGNED in Shreveport, Louisiana, this 22nd day of February, 2012.

MARK L. HORNSBY
UNITED STATES MAGISTRATE JUDGE